UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNADETTE KIMBROUGH,　　　　　　　　No. 13-11899

　　　　Plaintiff,　　　　　　　　　　　　District Judge Nancy G. Edmunds

v.　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

　　　　Defendant.
_____/

**REPORT AND RECOMMENDATION**

　　　　This is a Social Security Disability appeal brought pursuant to 42 U.S.C. § 405(g). Plaintiff Bernadette Kimbrough filed her complaint *pro se*. Before the Court is Defendant's Motion to Dismiss [Doc. #13], based on Plaintiff's failure to commence this action within 60 days of the final decision of the Commissioner of Social Security. The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion to dismiss be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

**I.　　FACTS**

　　　　The Defendant accurately sets forth the procedural history of this case in its motion and the attached Declaration of Patrick J. Herbst, Chief of Court Case Preparation Review Branch 3, Office of Disability Adjudication and Review, Social Security Administration

(Defendant's Exhibit). Additional facts are set forth in the April 5, 2012 written decision of Administrative Law Judge ("ALJ") Beth J. Contorer, also included with the Exhibit.

On April 5, 2012, ALJ Contorer issued a decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. Plaintiff appealed to the Appeals Council, and on February 16, 2013, the Appeals Council mailed Plaintiff a Notice of its action at her address in Oak Park, MI. The Notice advised Plaintiff that she had the right to commence a civil action within 60 days of receipt of the Notice. Plaintiff filed her complaint on April 29, 2013.

Defendant filed the motion to dismiss on September 2, 2014. When Plaintiff did not timely respond, I entered an order requiring her to file a response on or before January 26, 2015 [Doc. #14]. I directed her to "explain why she filed her complaint past the 60-day limitation period set forth in the Social Security Act." The order also warned the Plaintiff that her "failure to file a response will result in a recommendation that her case be dismissed." To date, she has not responded to the Defendant's motion.

## II.   LEGAL PRINCIPLES

42 U.S.C. §405(g) provides that:

"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*." (Emphasis added).

Section 405(g) is generally considered the sole avenue for judicial review under the Act. 42 U.S.C. §405(h); *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Therefore, a plaintiff must file his or her complaint within the 60-day period set forth in the statute.

Together, 20 C.F.R. §§ 404.901 and 422.210(c) provide that the date of mailing, from which the 60 days starts to run, is five days from the date of the notice, which is the presumptive date that a claimant receives the Appeals Council's notice.

The 60-day limit set forth in 42 U.S.C. §405(g) is not jurisdictional, but is a period of limitations subject to equitable tolling in an appropriate case. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, "in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.'" *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir.2007) (quoting *Davila v. Barnhart,* 225 F.Supp.2d 337, 339 (S.D.N.Y.2002)). *See also Graham Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir.2000) ("federal courts sparingly bestow equitable tolling"). In determining whether to grant equitable tolling, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook v. Comm'r of Soc.*

*Sec.,* 480 F.3d 432, 437 (6th Cir. 2007).

### III. DISCUSSION

The Appeals Council mailed its Notice of Action to Plaintiff on February 16, 2013. Adding the five days for mailing, the 60-day period to file for judicial review expired on April 22, 2013. She filed her complaint on April 29, 2013, seven days late.

It is clear that Plaintiff filed in this Court outside of the 60-day limitations period, and her complaint must be dismissed unless she can show entitlement to equitable tolling. Again, it is Plaintiff's burden to establish the " exceptional circumstances that warrant equitable tolling." *Jackson v. Astrue, supra* at 1353. Yet, despite my order giving her additional time to file a response, my instructions for her to explain why she did not file her complaint within the 60-day period, and my warning that her failure to do so would "result in a recommendation that her case be dismissed," Plaintiff has not responded to the Defendant's motion, and has not provided this Court with any explanation for the late filing.

Under these circumstances, a lengthy discussion of the five *Cook* factors is not necessary. She had actual notice of the Appeals Council decision and of the requirement that she file her complaint within 60 days of her receipt of that decision. She has not been diligent in pursuing her rights, as evidenced by her failure to respond to the Defendant's motion even after being given additional time and being warned that her case could be dismissed if she did not respond. Finally, while there may not be specific and articulable

prejudice to the Defendant by permitting a late filing, the Court's statement in *Cook*, where the plaintiff filed only one day late, is worth noting:

> "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." 480 F.3d at 437.

It appears that Plaintiff has abandoned her case. Her complaint should be dismissed.

## IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #13] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate

Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated: February 4, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 4, 2015, electronically and/or by U.S. mail.

                                            s/Carolyn M. Ciesla
                                            Case Manager